UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

AMERICAN EMPIRE SURPLUS LINES
INSURANCE COMPANY,

                     Plaintiff,

            - against –

DISANO DEMOLITION CO., INC, and
DISANO CONSTRUCTION CO., INC.,

                     Defendants.

-------------------------------------------------------------X

**REPORT AND**
**RECOMMENDATION**
18 CV 5047 (NGG) (CLP)

On September 6, 2018, plaintiff American Empire Surplus Lines Insurance Company ("plaintiff" or "American Empire") commenced this action against defendants Disano Demolition Co., Inc. and Disano Construction Co., Inc. ("defendants" or collectively, the "Disano defendants"), pursuant to 28 U.S.C. § 1332, based on the diversity of citizenship of the parties. (Compl.[1]). Plaintiff's Second Amended Complaint, filed on April 29, 2019, seeks a judgment in the amount of $216,394.00 in premiums due and owing under insurance policies issued to the Disano defendants, and a declaration that American Empire owes no duty to defend or indemnify the defendants under the American Empire policies for any occurrence, claim or suit which may have been reported to plaintiff. (Pl.'s Second Am. Compl.[2] ¶¶ 31, 35, 38; O'Connor Aff.[3] ¶ 5).

---

[1] Citations to "Compl." refer to plaintiff's Complaint, filed on September 6, 2018, ECF No. 1.
[2] Citations to "Second Am. Compl." refer to plaintiff's Second Amended Complaint, filed on April 29, 2019, ECF No. 29.
[3] Citations to "O'Connor Aff." refer to the Affirmation of Maureen E. O'Connor in Support of Motion for Default, dated October 23, 2019, ECF No. 42-1.

1

When the defendants failed to file an Answer or otherwise respond to the Second Amended Complaint, plaintiff moved for entry of a default. On June 24, 2019, the Clerk of Court entered a default against defendants and the motion for default judgment was thereafter referred to the undersigned to prepare a Report and Recommendation.[4] Based on the papers filed in support of the motion, the Court respectfully recommends that a default judgment enter and that plaintiff be awarded $216,394.00.

## FACTUAL BACKGROUND

According to the Affidavit of T. Matthew Held, Divisional Senior Vice President of Great American Risk Solutions, a division of Great American Insurance Company, plaintiff American Empire is a participant in the pool of companies led by Great American Insurance Company. (Held Aff.[5] ¶ 1). On July 6, 2016, American Empire issued a Commercial General Liability insurance policy to Disano, bearing Policy No. 16CG0204628, for the period June 25, 2016 to July 25, 2017 (the "2016 Primary Policy"). (Id. ¶ 3; 2016 Primary Policy[6]). The premiums charged for the 2016 Primary Policy were to be computed as a percentage of Disano's gross receipts for the policy period. (Held Aff. ¶ 4). Based on an estimate of Disano's gross receipts for the policy period, American Empire assigned an "Advance Premium" which was subject to adjustment if the gross receipts exceeded the estimate. (Id. ¶ 5). The Policy provided that the Advance Premium was subject to adjustment at the close of each audit period, and

---

[4] See Electronic Order Referring Motion, dated September 27, 2019.
[5] Citations to "Held Aff." refer to the Affidavit of T. Matthew Held in Support of Motion for Default Judgment, dated October 15, 2019, ECF No. 42-3.
[6] Citations to "2016 Primary Policy" refer to the Commercial General Liability Policy issued to Disano for June 25, 2016 to July 25, 2017, ECF No. 42-4. The policy has an issue date of July 6, 2016, indicating the plaintiff issued the policy with a retroactive coverage date beginning June 25, 2016.

2

required the policy holder to not only keep records but to allow American Empire to audit the books and records at any time during the policy period and up to three years after. (Id. ¶¶ 6-8).

In addition to the 2016 Primary Policy, American Empire issued an Excess Liability insurance policy to Disano, bearing Policy No. 16CX0204629, that covered the period June 25, 2016 through July 25, 2017 (the "2016 Excess Policy")[7]. (Id. ¶ 10). Like the Primary Policy, the Excess Policy provided for the computation of the premium as a percentage of gross receipts. (Id. ¶ 11). Also, like the Primary Policy, the premium for the Excess Policy was subject to adjustment based upon an audit. (Id. ¶¶ 12, 13).

American Empire also issued a Commercial General Liability Policy for the period June 25, 2017 to July 25, 2018 (the "2017 Primary Policy")[8], along with an Excess Liability Policy for the same period (the "2017 Excess Policy")[9]. (Id. ¶¶ 14-21). Similar to the 2016 policies, the premiums for both the 2017 Primary and Excess Policies were calculated based on an estimate of Disano's gross receipts, with provisions for adjustment. (Id. ¶¶ 15-18, 22-24).

According to the Affidavit of Mr. Held, audits of Disano were conducted by Overland Solutions, Inc., on behalf of American Empire, on or about March 7, 2017, November 27, 2017, February 27, 2018, and October 24, 2018, to determine gross receipts during the policy periods. (Id. ¶ 25). Based on the audits, Disano owed an additional premium of $131,615 for the 2016 Primary Policy period and an additional amount of $42,775 for the 2016 Excess Policy period. (Id. ¶ 26). It was further determined that for the 2017 Primary Policy premium, Disano owed an

---

[7] Citations to "2016 Excess Policy" refer to the Excess Liability Policy issued to Disano for June 25, 2016 to July 25, 2017, ECF No. 42-5.

[8] Citations to "2017 Primary Policy" refer to the Commercial General Liability Policy issued to Disano for June 25, 2017 to July 25, 2018, ECF No. 42-6.

[9] Citations to "2017 Excess Policy" refer to the Excess Liability Policy issued to Disano for June 25, 2017 to July 25, 2018, ECF No. 42-7.

additional amount of $31,701, and $10,303 for the 2017 Excess Policy premium. (Id. ¶ 26). In total, the current outstanding premiums owed for the 2016 and 2017 American Empire policies is $216,394.00. (Id. ¶ 27; see also Audit Endorsements[10]). According to the Affidavit of Mr. Held, American Empire had not received payment of any part of this amount as of the date of the Affidavit. (Id. ¶ 28).

## PROCEDURAL HISTORY

The initial Complaint was filed in this case on September 6, 2018. Thereafter, an Amended Complaint was filed on November 2, 2018; defendants filed an Answer and Counterclaim on November 9, 2018. On April 29, 2019, plaintiff filed a Second Amended Complaint seeking a judgment in the amount of $216,394.00. (O'Connor Aff. ¶ 5; Second Am. Compl. ¶ 31). The Disano defendants were served with copies of the Second Amended Complaint and Summons on May 6, 2019, through personal service upon the Authorized Agent in the Office of the Secretary of State, and proof of service was filed on May 13, 2019. (O'Connor Aff. ¶ 6).

On May 23, 2019, this Court granted defendants' counsel's motion to withdraw and gave the defendants an extended deadline to obtain new counsel and to file their Answer to the Second Amended Complaint. (Id. ¶ 7; 5/23/2019 Order[11]). When the June 7, 2019 deadline passed without defendants having obtained new counsel or filed an answer to the Second Amended Complaint, a Certificate of Default was entered by the Clerk of Court.[12] On October 23, 2019, plaintiff moved for entry of a default judgment.

---

[10] The Audit Endorsements are attached as Exhibit 5 to plaintiff's Motion for Default Judgment, ECF No. 42-8, filed October 23, 2019.
[11] ECF No. 36.
[12] ECF No. 38.

DISCUSSION

I. Default Judgment

    A. Legal Standard

Currently before the Court is plaintiff's Motion for Default Judgment, pursuant to Rule 55 of the Federal Rules of Civil Procedure. Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Rule 55 sets forth a two-step process for an entry of default judgment. See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993). First, the Clerk of Court enters the default pursuant to Rule 55(a) by notation of the party's default on the Clerk's record of the case. Id. Second, after the Clerk of Court enters a default against a party, if that party fails to appear or otherwise move to set aside the default pursuant to Rule 55(c), the court may enter a default judgment. Id; see Fed. R. Civ. P. 55(b). In this case, after the Clerk of the Court entered a default against defendants on June 24, 2019, plaintiff filed the Motion for Default Judgment on October 23, 2019.

The Second Circuit has warned that default judgment is an extreme remedy that should only be used as a last resort. See Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981). When evaluating whether to grant a default judgment, the Court must weigh the costs of prolonged litigation against the need to provide "litigants a reasonable chance to be heard." Enron Oil Corp. v. Diakuhara, 10 F.3d at 96; see also Meehan v. Snow, 652 F.2d at 277. It is well settled that defaults are "generally disfavored" and "doubt[s] should be resolved in favor of the defaulting party." Enron Oil Corp. v. Diakuhara, 10 F.3d at 96. As such, the Court should take

5

great care in evaluating a motion for default judgment to ensure that plaintiffs have "a reasonable chance to be heard." Id.

A trial court possesses significant discretion in adjudicating a motion for default judgment and may consider a number of factors, including "whether the grounds for default are clearly established," "the amount of money potentially involved," and the plaintiff's attempts to involve the defaulting party in the proceedings. See Hirsch v. Innovation Int'l, Inc., No. 91 CV 4130, 1992 WL 316143, at *2 (S.D.N.Y. Oct. 19, 1992) (citations omitted). Additionally, a court may consider whether material issues of fact remain, whether the facts alleged in the complaint state a valid cause of action, whether plaintiff has been substantially prejudiced by the delay involved, and how harsh an effect a default judgment might have on the defendant. See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981); 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure, §§ 2685, 2688 (4th ed. 2019).

    B.  Entry of Default Judgment - Liability

Plaintiff has alleged that defendants breached the terms and conditions of the Policy contracts entered into between American Empire and the Disano defendants. Under the respective Policies, defendants were required to pay premiums based on the percentage of Disano's gross receipts for each period. Plaintiff alleges that Disano failed to make the required payments under the 2016 Primary Policy, the 2016 Excess Policy, the 2017 Primary Policy and the 2017 Excess Policy.

Based on a review of the allegations in the Second Amended Complaint, which are undisputed at this time, and the supporting documentation submitted in connection with this inquest, the Court respectfully recommends a finding that the plaintiff has sufficiently stated all

of the elements necessary to establish liability for a breach of contract claim and that defendants have failed to provide any evidence to refute these claims. See 29 U.S.C. § 1132(g)(2).

### C. Default Determination

In this case, it is beyond dispute that defendants are in default: defendants failed to file an answer to the Second Amended Complaint, failed to oppose plaintiff's Motion for Default Judgment, and failed to challenge the Court's entry of a default. See Hirsch v. Innovation Int'l, Inc., No. 91 CV 4130, 1992 WL 316143, at *2 (S.D.N.Y. Oct. 19, 1992) (holding that the defendant's default was "crystal clear" as evidenced by its failure to oppose plaintiff's motion for a default judgment). Moreover, the corporate defendants have not obtained counsel, which constitutes a failure to defend because defendants, as corporations, cannot proceed pro se in federal court. See Lattanzio v. COMTA, 481 F.3d 137, 139 (2d Cir. 2007); Shapiro, Bernstein & Co. v. Cont'l Record Co., 386 F.2d 426, 427 (2d Cir. 1967) (per curiam) (stating that "it is settled law that a corporation cannot appear other than by its attorney"); see also Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22 (2d Cir. 1983) (discussing the rationale for requiring corporations, as "artificial" entities, to appear through counsel only).

When a defendant defaults, it is deemed to have admitted every well-pleaded allegation of the Complaint, "except those relating to damages." See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir 1981); Wing v. East River Chinese Rest., 884 F. Supp. 663, 669 (E.D.N.Y. 1995); Deshmukh v. Cook, 630 F. Supp. 956, 959 (S.D.N.Y. 1986). Given that plaintiff has duly served all orders and motions on defendants, and that defendants have failed to attend any hearing or take any action in any way whatsoever with respect to the instant case since the Court granted counsel's motion to withdraw, this Court respectfully recommends that default judgment be entered against defendants.

7

II. Damages Awards in Default Judgments

Once a default judgment is entered, the defendant is deemed to have admitted all of the well-pleaded allegations in the Complaint pertaining to liability.  See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992), cert. denied, 506 U.S. 1080 (1993); Montcalm Publ'g Corp. v. Ryan, 807 F. Supp. 975, 977 (S.D.N.Y. 1992).  For the purposes of an inquest, the court accepts as true all factual allegations in the Complaint, except those relating to damages.  See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d at 65.  The plaintiff must prove damages, either by an evidentiary hearing or, should a defendant fail to appear, exhibits submitted by the plaintiff.  See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d at 158; see also Levesque v. Kelly Commc'ns, Inc., No. 91 CV 7045, 1993 WL 22113, at *4 (S.D.N.Y. Jan. 25, 1993); Fustok v. ContiCommodity Servs., Inc., 122 F.R.D. 151, 156 (S.D.N.Y. 1988).

By Order dated October 8, 2019,[13] the Court directed the parties to submit papers on the question of damages.  In support of its Motion for Default Judgment, plaintiff has submitted copies of the Policies, and the audits performed by Overland Solutions, showing the premiums owed for each Policy.  Defendants failed to submit any papers in response nor did they ask for any extensions.  Therefore, the Court considers defendants to have waived the right to challenge the damages claimed by plaintiff.  Having reviewed the submissions of the plaintiff and the Affidavit in Support of Motion for Default Judgment filed by T. Matthew Held, the Court respectfully recommends that a default judgment enter in plaintiff's favor in the amount of $216,394.00.

---

[13] ECF No. 41.

Plaintiff also moves for a declaration that American Empire has no duty to defend or indemnify the Disano defendants under the policies for which Disano failed to pay the premium. (Mem.[14] at 1-2). The insurance policies that American Empire provided to Disano all state that American Empire will provide insurance "[i]n return for the payment of the premium, and subject to all the terms and conditions of this policy." (See 2016 Primary Policy at 5; 2016 Excess Policy at 6; 2017 Primary Policy at 5; 2017 Excess Policy at 6[15]). The primary policies also both state that the "Named Insured . . . [i]s responsible for the payment of all premiums" as a condition of the policy. (2016 Primary Policy at 3; 2017 Primary Policy at 3). As payment of policy premiums was an express condition of American Empire's provision of insurance to Disano, the Court understands Disano to have violated the terms of the insurance agreement. As such, the Court respectfully recommends that the District Court issue a declaration that American Empire has no duty to defend or indemnify the Disano defendants under policies for which Disano failed to pay the premium, including the 2016 Primary Policy, the 2016 Excess Policy, the 2017 Primary Policy, and the 2017 Excess Policy.

Finally, although the plaintiff also seeks interest on the unpaid premiums (see Mem. at 1, 4, 5), the plaintiff does not provide any indication of how interest should be calculated or the authority under which plaintiff asserts entitlement to such interest. As the Court has no information on how it would calculate interest on the premiums, the Court respectfully recommends that no interest be awarded. Similarly, in plaintiff's proposed order,[16] plaintiff proposes an award of $24,077.04 in attorneys' fees; however, plaintiff provides no authority

---

[14] Citations to "Mem" refer to the Memorandum of Law in Support of Motion for Default Judgment, dated October 23, 2019, ECF No. 42-10.
[15] All page numbers refer to the page of the PDF of each policy document as uploaded to ECF.
[16] Filed October 23, 2019, ECF No. 43.

under which the Court may assess fees and no documentation to support a calculation of fees. As such, the Court respectfully recommends that no award of attorneys' fees be made at this time, without prejudice to renew with supporting documentation.

CONCLUSION

For the reasons set forth above, the Court respectfully recommends that a default judgment enter in favor of plaintiff in the total amount of $216,394.00 and that the District Court issue a declaration that American Empire has no duty to defend or indemnify the Disano defendants under the 2016 Primary Policy, the 2016 Excess Policy, the 2017 Primary Policy, and the 2017 Excess Policy.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a), (e) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. See, e.g., Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED**.

Dated: Brooklyn, New York
January 2, 2020

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

10