UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------
AMERICAN EMPIRE SURPLUS LINES
INSURANCE COMPANY,

                Plaintiff,

      -against-

DISANO DEMOLITION CO., INC., et al.,

                Defendants.
--------------------------------------------------------

**MEMORANDUM & ORDER**
**18-CV-5047 (NGG) (CLP)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff American Empire Surplus Lines Insurance Company ("American Empire") brought this action in an effort to recover premiums owed under insurance policies it had issued to Defendants Disano Demolition Co., Inc. and Disano Construction Co., Inc. (collectively, "Disano"). (*See* Compl. (Dkt. 1); Am. Compl. (Dkt. 6); Second Am. Compl. (Dkt. 29).) Pending before the court is American Empire's Motion for Default Judgment, which the court referred to Chief Magistrate Judge Cheryl L. Pollak for a Report and Recommendation ("R&R"). (*See* Mot. for Default J. ((Dkt. 42); Sept. 27, 2019 Order Referring Mot.) On January 2, 2020, Judge Pollak issued an R&R recommending that the court enter a default judgment in favor of American Empire in the amount of $216,394.00 and issue a declaration that American Empire has no duty to defend or indemnify Disano. (*See* Jan. 2, 2020 R&R (Dkt. 44) at 10.) Judge Pollak recommended that the court award no interest or attorneys' fees to American Empire. (*Id*. at 9-10.) American Empire filed a timely objection to Judge Pollak's recommendations regarding interest and attorneys' fees. (Obj. to R&R ("Obj.") (Dkt. 45) ¶¶ 5-9.)

For the reasons explained below, the court SUSTAINS American Empire's objection regarding prejudgment interest and REJECTS its objection regarding attorneys' fees. It therefore DECLINES TO

1

ADOPT the R&R with respect to the issue of prejudgment interest, but ADOPTS the R&R in all other respects. The court GRANTS American Empire's (Dkt. 42) Motion for Default Judgment in the total amount of $216,394.00, plus prejudgment interest as set forth below. The court also DECLARES that American Empire has no duty to defend or indemnify Disano under the American Empire policies for which Disano failed to pay the premium.

## I. BACKGROUND

### A. Factual Background

Plaintiff American Empire is a "participant in the pool of [insurance] companies led by Great American Insurance Company. (Aff. of T. Matthew Held ("Held Aff.") (Dkt. 42-3) ¶ 1.) In 2016 and 2017, American Empire issued four insurance policies to Disano: (1) a Commercial General Liability policy, designated as Policy No. 16CG0204628, for the period June 25, 2016 through July 25, 2017 (the "2016 Primary Policy"); (2) an Excess Liability policy, designated as Policy No. 16CX0204629, for the period June 25, 2016 through July 25, 2017 (the "2016 Excess Policy); (3) a Commercial General Liability policy, designated as Policy No. 17CG0214926, for the period July 25, 2017 through July 25, 2018 (the "2017 Primary Policy"); and (4) an Excess Liability Policy, designated as Policy No. 17CX0214927, for the period July 25, 2017 through July 25, 2018 (the "2017 Excess Policy"). (*Id.* ¶¶ 3, 10, 14, 21.) The premiums for all four of these policies were calculated based on estimates of Disano's gross receipts over the policy period, with provisions that allowed for adjustment at the close of each audit period if Disano's receipts exceeded the estimates. (*Id.* ¶¶ 4-8, 11-13, 15-18, 22-24.)

American Empire's auditor conducted audits of Disano's financial records on or about March 7, 2017, November 27, 2017, February 27, 2018, and October 24, 2018 in order to determine Disano's actual gross receipts during the policy periods. (*Id.* ¶

25.) Based on the audits, American Empire determined that Disano owed an additional $216,394.00 in premiums under the four policies: $131,615 for the 2016 Primary Policy, $42,775 for the 2016 Excess Policy, $31,701 for the 2017 Primary Policy, and $10,303 for the 2017 Excess Policy. (*Id*. ¶¶ 26-27.) American Empire contends that it has not received payment for any part of this amount. (*Id*. ¶ 28.)

    B.  Procedural Background

American Empire filed an initial Complaint against Disano on September 6, 2018 and an Amended Complaint on November 2, 2018. (*See* Compl.; Am. Compl.) Disano filed an Answer and Counterclaim on November 9, 2018. (*See* Answer to Am. Compl. & Counterclaim (Dkt. 12).) On November 30, 2018, Disano's counsel moved to withdraw, citing Disano's termination of counsel's representation based on inability to pay. (First Mot. to Withdraw as Atty. of R. (Dkt. 17); Aff. of Paul S. Zilberfein (Dkt. 17-1) ¶ 3.) American Empire filed a Second Amended Complaint on April 29, 2019, and served Disano on May 6, 2019. (*See* Second Am. Compl.; Decl. of Maureen E. O'Connor ("O'Connor Decl.") (Dkt. 42-1) ¶¶ 5-6.) On May 23, 2018, the court granted Disano's counsel's Motion to Withdraw. (*See* Order Granting Mot. to Withdraw (Dkt. 36).) The court extended Disano's deadline to find new counsel and file its answer to Plaintiff's Second Amended Complaint to June 7, 2019, and it warned Disano that a default judgment would likely enter against them if they failed to obtain new counsel. (*Id*. at 2-3.)

On June 24, 2019, after Disano had failed to obtain new counsel or respond to the Second Amended Complaint, the Clerk of Court entered a Certificate of Default against them. (*See* Clerk's Entry of Default (Dkt. 38).) On October 23, 2019, American Empire brought a Motion for Default Judgment, which the court referred to Judge Pollak. (*See* Mot. for Default J.; Sept. 27, 2019 Order Referring Mot.) On January 2, 2020, Judge Pollak issued an R&R

3

in which she recommended that the court grant American Empire's motion and enter default judgment against Disano in the amount of $216,394.00—the total of the unpaid premiums—but not award interest or attorneys' fees. (Jan. 2, 2020 R&R at 8-10.) Judge Pollak also recommended that the court enter an order declaring that American Empire had no duty to defend or indemnify Disano under any of the four policies at issue in this case. (*Id.* at 9.)

On January 15, 2020, American Empire timely filed an objection to Judge Pollak's R&R, in which it urged the court to adopt her recommendations regarding the entry of default judgment and declaration, but to award attorneys' fees and interest contrary to her recommendation. (Obj. ¶¶ 3-9.) On January 29, 2020, before the court had ruled on the R&R and Plaintiff's objection, Edgar Ventura filed a letter application with the court seeking to intervene and to object to the R&R. (*See* First Mot. to Intervene (Dkt. 47).) On February 13, 2020, Un Lee and Yun Lee-Ilto also sought to intervene and to object to the R&R. (*See* Mot. to Intervene (Dkt. 51); Second Mot. to Intervene (Dkt. 54).) The court stayed the Motion for Default Judgment, pending resolution of the Motions to Intervene, and referred the motions to intervene to Judge Pollak for an R&R. (*See* Jan. 29, 2020 Order Staying Mot. for Default J.; Apr. 8, 2020 Order Referring Mots.) On November 12, 2020, Judge Pollak issued an R&R in which she recommended that the court deny the motions to intervene. (Nov. 12, 2020 R&R (Dkt. 61) at 18.) On December 7, 2020, after no party filed a timely objection, the court adopted the November 12, 2020 R&R and denied the motions to intervene. (*See* Order Adopting R&R (Dkt. 62).)

## II. LEGAL STANDARD

In reviewing a magistrate judge's R&R regarding a dispositive matter, the district court "may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." *Romero v. Bestcare Inc.*, No. 15-cv-7397 (JS) (GRB), 2017 WL 1180518, at *2 (E.D.N.Y. Mar. 29, 2017).[1] The district court must review *de novo* "those portions of the report … to which objection is made." 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

### A. Default Judgment & Declaration

Judge Pollak recommends that the court grant American Empire's Motion for Default Judgment and enter a default judgment in its favor in the amount of $216,394.00. (Jan. 2, 2020 R&R at 8.) She further recommends that the court "issue a declaration that American Empire has no duty to defend or indemnify the Disano defendants under policies for which Disano failed to pay the premium, including the 2016 Primary Policy, the 2016 Excess Policy, the 2017 Primary Policy, and the 2017 Excess Policy." (*Id.* at 9.) No party has objected to these recommendations; indeed, American Empire—the only party to have filed a timely objection—expressly asks the court to adopt these recommendations. (Obj. ¶¶ 3-4.) The court therefore reviews these recommendations for clear error. *See Romero*, 2017 WL 1180518, at *2; *Gesualdi v. Mack Excavation & Trailer Serv., Inc.*, No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010); *La Torres v. Walker*, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000). Having found none, it adopts these portions of Judge Pollak's January 2, 2020 R&R.

---

[1] When quoting cases, and unless otherwise noted, all citations and quotation marks are omitted and all alterations are adopted.

5

### B. Prejudgment Interest

Judge Pollak recommends that the court decline to award American Empire interest on the unpaid premiums because American Empire failed to "provide any indication of how interest should be calculated or the authority under which plaintiff asserts entitlement to such interest." (January 2, 2020 R&R at 9.) American Empire objects, arguing that under New York law, interest on damages in a breach-of-contract action is "computed from the earliest date that the claim accrued." (Obj. ¶ 5.) It contends that it is entitled to interest on the unpaid premiums at a rate of nine percent per annum, for a total of $48,530.47 interest. (*Id.* ¶ 6.)

In American Empire's memorandum in support of its Motion for Default Judgment, it asserts that it "seeks judgment ... in the amount of $216,934, plus interest," but gives no suggested calculation for its proposed interest award nor any indication of the legal authority supporting such an award. (Mem. of Law in Supp. of Mot. for Default J. (Dkt. 42-10) at 1.) In its objection, American Empire argues that it is entitled to prejudgment interest under New York Civil Practice Laws and Rules ("N.Y. CPLR") § 5001. (Obj. ¶ 5.)

"In a diversity case, state law governs the award of prejudgment interest." *Schipani v. McLeod*, 541 F.3d 158, 164 (2d Cir. 2008). Under N.Y. CPLR § 5001, "[i]nterest shall be recovered upon a sum awarded because of a breach of performance of a contract ... except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion." N.Y. C.P.L.R. § 5001(a). "Interest shall be computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred." *Id.* § 5001(b). Except where otherwise provided by statute, "[i]nterest shall be at the rate of nine per centum per annum." *Id.* § 5004.

6

Courts construe CPLR § 5001 as providing for mandatory prejudgment interest for prevailing parties in breach-of-contract actions. *See U.S. Naval Inst. v. Charter Comms., Inc.*, 936 F.2d 692, 698 (2d Cir. 1991) ("Under New York law, which the Agreement provided was to control, a plaintiff who prevails on a claim for breach of contract is entitled to prejudgment interest as a matter of right."). Accordingly, courts applying New York law routinely award prejudgment interest to prevailing plaintiffs in default judgment actions. *See, e.g., J & H Holding Co., LLC v. Kloss*, No. 12-cv-5738 (CBA), 2013 WL 6048815, at *1 (E.D.N.Y. Nov. 13, 2013); *Peace Mark (Holdings) Ltd. v. Int'l Watch Grp., Inc.*, No. 08-cv-2460 (RRM), 2010 WL 1005780, at *1 (E.D.N.Y. Mar. 17, 2010); *Hounddog Prods., L.L.C. v. Empire Film Grp., Inc.*, 826 F. Supp. 2d 619, 630 (S.D.N.Y. 2011); *Sack v. Lawton*, No. 01-cv-285 (SHS), 2003 WL 22682043, at *4 (S.D.N.Y. Aug. 28, 2003); *Whittemore v. Yeo*, 117 A.D.3d 544, 545 (1st Dep't 2014); *Anderson v. Vasquez*, 98 A.D.3d 638, 639 (2d Dep't 2012). American Empire is therefore entitled to prejudgment interest as a matter of right, notwithstanding its failure to identify the statutory basis for the award in its motion papers.

American Empire contends that Disano breached four agreements between the parties—each of the four insurance policies identified in the Second Amended Complaint—and that its cause of action under each agreement accrued on the date of the relevant premium audit. Specifically, it alleges that its claim for $131,615 under the 2016 Primary Policy accrued on March 7, 2017, that its claim for $42,775 for the 2016 Excess Policy accrued on November 27, 2017, that its claim for $31,701 under the 2017 Primary Policy accrued on February 27, 2018, and that its claim for $10,303 under the 2017 Excess Policy accrued on October 24, 2018. (Obj. ¶ 6.) The court therefore orders that American Empire be awarded prejudgment interest at a nine percent annual rate, as set forth in CPLR § 5004, based on the damages and dates of accrual described in this paragraph.

### C. Attorneys' Fees

American Empire asks that the court award it $24,077.04 in attorneys' fees. (Proposed Default J. Order (Dkt. 43) at 2.) Judge Pollak observed that American Empire "provide[d] no authority under which the Court may assess fees and no documentation to support a calculation of fees," and recommended that the court decline to award attorneys' fees at this time, but that it allow American Empire to renew its application for attorneys' fees with adequate supporting documentation. (January 2, 2020 R&R at 9-10.) American Empire objects, arguing that the court ought to award attorneys' fees because Disano lacks a good-faith defense to its claims. (Obj. ¶¶ 7-9.)

"In the American system of justice, 'the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser.'" *Fresno Cnty. Emps.' Ret. Assoc. v. Isaacson/Weaver Fam. Tr.*, 925 F.3d 63, 67 (2d Cir. 2019) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975)). "[W]ell-known exceptions" include instances in which Congress has provided for attorneys' fees by statute and situations in which "a litigant or a lawyer recovers a common fund for the benefit of persons other than himself or his client." *Id.* Courts may also award attorneys' fees to a prevailing party "when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Alyeska Pipeline*, 421 U.S. at 258-59. "An award of attorneys' fees under the bad faith exception is punitive and is to be granted only in exceptional cases and for dominating reasons of justice," such as "when the losing party's claims were entirely without color and made for reasons of harassment or delay or for other improper purpose." *David v. Sullivan*, 777 F. Supp. 212, 218 (E.D.N.Y. 1991). Generally, "[t]he awarding of attorneys' fees in diversity cases … is governed by state law." *Grand Union Co. v. Cord Meyer Dev. Co.*, 761 F.2d 141, 147 (2d Cir. 1985). "In New York, attorney fees are largely denied in the absence of an

agreement between the parties or a statute authorizing such an award." *Petrello v. White*, No. 01-cv-3082 (DRH), 2012 WL 2803759, at *3 (E.D.N.Y. July 10, 2012) (citing *Buffalo v. J.W. Clement Co.*, 321 N.Y.2d 241, 262-65 (1971)).

American Empire makes no mention of attorneys' fees in its memorandum in support of its Motion for Default Judgment, but it includes in its proposed order—without further explanation or legal authority—a suggested award of fees totaling $24,077.04. (*See* Mem.; Proposed Default J. Order at 2.) In its objection to Judge Pollak's R&R, American Empire suggests that it is entitled to legal fees under the "bad faith" doctrine, because it "incurred attorneys' fees in the sum of $24,077.04 in prosecuting this action in which the Disano Defendants had no good faith defense." (Obj. ¶ 9.)

American Empire's application for attorneys' fees is plainly inadequate. Its motion papers seek fees obliquely, rather than expressly, and offer no legal or factual support for the request. While American Empire does cite the bad-faith doctrine as a suggested basis for awarding fees in its objection, "courts generally should not consider new arguments raised in R&R objections." *Oxford Techs., Inc. v. East/West Indus., Inc.*, No. 18-cv-1992 (ADS), 2019 WL 4291584, at *2 (E.D.N.Y. Sept. 11, 2019). Moreover, the argument in support of attorneys' fees articulated in American Empire's objection is factually and legally inadequate in addition to being improperly raised. American Empire fails to provide documentation for its requested fees. It also fails to address whether federal or state law governs the award of attorneys' fees in this action.

Nor does American Empire begin to justify its far-fetched suggestion that a defaulting defendant should be deemed to have conducted itself in bad faith, and should therefore be forced to pay a plaintiff's legal fees on *punitive* grounds, simply because the plaintiff brought claims to which the defendant (allegedly)

9

lacked a viable defense. American Empire appears to suggest that the alleged merit of its case is proof that Disano defended the action in bad faith. While the court need not decide the validity of an argument that was not properly raised, it notes that a non-prevailing party does not engage in vexatious litigation simply by being on the losing side of a case. To the extent American Empire is accusing Disano of litigating in bad faith, it must provide evidence of Disano's allegedly improper conduct.

Because the court does not wish to deprive Plaintiff of the opportunity to recover attorneys' fees if it has a legitimate, heretofore unidentified legal basis for such an award and supplies appropriate factual support, it adopts Judge Pollak's recommendation that attorneys' fees be denied without prejudice. Plaintiff may renew its application for fees if it has a good-faith basis for seeking them.

### IV. CONCLUSION

For the reasons stated above, the court SUSTAINS Plaintiff's objection regarding prejudgment interest and REJECTS Plaintiff's objection regarding attorneys' fees. It therefore ADOPTS the (Dkt. 44) R&R except with respect to the issue of prejudgment interest and DECLINES TO ADOPT the R&R on that issue. The court GRANTS American Empire's (Dkt. 42) Motion for Default Judgment in the total amount of $216,394.00, plus prejudgment interest to be assessed in accordance with the foregoing analysis, DENIES American Empire's application for attorneys' fees without prejudice to renew, and DECLARES that American Empire has no duty to defend or indemnify Disano under the American Empire policies for which Disano failed to pay the premium.

SO ORDERED.

Dated:   Brooklyn, New York
         January 4, 2021

                                                        /s/ Nicholas G. Garaufis
                                                      NICHOLAS G. GARAUFIS
                                                      United States District Judge